UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| SUSAN PRAMUK, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | CAUSE NO. 2:12-CV-80 RM |
| WELLS FARGO HOME MORTGAGE, | ) | |
| Defendant | ) | |

## OPINION AND ORDER

Plaintiff Susan Pramuk submitted a complaint under 42 U.S.C. § 1983, asserting that Wells Fargo Home Mortgage would not giver [her] a home loan . . . because of being single" (DE 1 at 2). Ms. Pramuk also seeks leave to proceed *in forma pauperis*.

Iindigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive, captious or meritless litigation, federal courts are to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. §1915(e)(2).

Ms. Pramuk brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Burrell v. City of Matoon, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the

alleged deprivation. West v. Atkins, 487 U.S. 42 (1988).

To state a claim under § 1983, the person who committed the alleged wrongful conduct must have been "acting under color of state law." If the person didn't act "under color of state law," the action must be dismissed. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). The phrase "acting under color of [state] law"is defined as "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Evans v. United States, 504 U.S. 255, 274 (1981) (citations omitted). Wells Fargo is an incorporated bank, and private corporations such as Wells Fargo are not state actors absent unusual circumstances.

The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. at 49 (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). The Supreme Court has articulated three tests to determine whether a private party acted under color of state law: the public function test, the state compulsion test, and the joint action test. The public function test requires that the private party exercised powers which are traditionally exclusively reserved to the state. West v. Atkins, 487 U.S. at 49-50. The state compulsion test requires that the state exercised such coercive power over the private party, or provided such significant encouragement to the private party, that in law the choice of the private actor is deemed to be that of the state. Blum v. Yaretsky, 457 U.S. 991, 1004 (1982). Finally, the joint action test requires that the private party is a willful

2

participant in joint action with the state or its agent. Dennis v. Spark, 449 U.S. 24 (1980).

Even giving the plaintiff the benefit of the inferences to which she is entitled at the pleadings stage, nothing in the complaint suggests that the defendant was a state actor under any of these tests. Because the defendant did not act under color of state law, Ms. Pramuk may not bring a § 1983 claim against it.

That the plaintiff does not have a federal law claim against this defendant doesn't mean that she does not have a state law claim against it. Accordingly, the court will dismiss this complaint without prejudice to the plaintiff's right to bring a claim against the defendant in state court based on the facts she presents in this complaint.

For the foregoing reasons, the court DENIES the plaintiff's motion for leave to proceed *in forma* pauperis (DE 2) and DISMISSES this cause of action pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) without prejudice to the plaintiff's right to bring her claim against the defendant in state court.

ENTERED: March  5 , 2012

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: S. Pramuk